IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

CRAIG SCOTT #30218-037

                      :  Civil Action No.  CCB-12-3274
                        Criminal Action No. CCB-95-202

v.                                   :

UNITED STATES OF AMERICA      :

**MEMORANDUM**

Pending is Craig Scott's Motion for New Trial, which has been construed as a Motion to Vacate Set-Aside or Correct Sentence under 28 U.S.C. § 2255. The Motion is DISMISSED without prejudice for lack of jurisdiction.[1]

**I. Petitioner's Claims**

Scott alleges ineffective assistance of counsel[2] and prosecutorial misconduct, and states he is actually innocent of conspiracy based on *Braverman v. United States*, 317 U.S. 49 (1942). Citing *Eberhart v. United States,* 546 U.S. 12  (2005) (per curiam) and *Rice v. Rivera*, 617 F.3d 802 (4th Cir. 2010), Scott contends that this court may review his claims under Federal Rule of Criminal Procedure 33.

**II. Procedural Background**

Scott was convicted of bank robbery by force or violence. In an amended judgment, he was sentenced to a total term of 9 months as to counts 1, 2, and 4, with these sentences to run concurrently with each other and to run concurrently with the unexpired term of the previously

---

[1] Scott's request for appointment of counsel (ECF No. 280) is denied.

[2] Claims of ineffective assistance are rarely if ever decided in a motion for a new trial or on direct appeal.  *See e.g. United States v. Charin,* 322 F.3d 274, 282 n. 4 (3rd Cir. 2003).

imposed sentence of imprisonment of 87 months as to count 6 in Criminal Number K-94-0281, and to run consecutively to the 5 year sentence imposed as to count 7 in Criminal Number K-94-0281; imprisonment for a term of 20 years on Count 3 and 20 years on count 5, said terms to run consecutively to each other and consecutively to the sentence of 9 months imposed as to counts 1, 2, and 4; supervised release for a term of 3 years; and an assessment $250.00. ECF No. 173. His appeal was dismissed. ECF No. 183.

This court denied Scott's first 28 U.S.C. § 2255 motion, docketed as Civil Action No. CCB-03-1957. ECF No. 214. The Fourth Circuit denied Scott's certificate of appealability and dismissed the appeal. ECF No. 236.

Scott's second 28 U.S.C. § 2255 motion, docketed as Civil Action No. CCB-12-259, was denied without prejudice as successive. See ECF No. 266. No appeal was taken.

## III. Analysis

Rule 33, which authorizes a district court to "vacate any judgment and grant a new trial if the interest of justice so requires," prescribes rigid deadlines within which new trial motions may be filed.[3] In *Eberhart,* the Supreme Court concluded that Rule 33 is a nonjurisdictional claim-processing rule, which "assure[s] relief to a party properly raising [it], but do[es] not compel the same result if the party forfeits [it]." *Id.* at 19. Scott provides no rationale for previously failing to challenge his conspiracy convictions. Thus, his latest attempt to overturn his convictions shall not be addressed under Rule 33, but instead shall be viewed as Scott's third § 2255 motion to vacate.

---

[3] Rule 33 provides that a motion for a new trial based on newly discovered evidence must be filed within three years of an adjudication of guilt, whereas motions predicated on any other ground must be filed within fourteen days. *See* Fed.R.Crim.P. 33(b).                                                                                                                                                    .

In recent correspondence, Scott contends that prefiling authorization from the Fourth Circuit previously required pursuant to 28 U.S.C. '2244(b)(3)(A)& 2255 and *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*) is no longer required, based on policy guidelines promulgated by the Department of Justice.  ECF No. 277.  Such guidelines, however, do not control existing statutory and case law and are not applicable here.  Prefiling authorization is required before this court can examine Scott's motion to vacate.  Such authorization does not appear to have been granted. Accordingly, the motion will be dismissed without prejudice for lack of jurisdiction.[4]

**IV. Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can

demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it

---

[4] To the extent Scott appears to claim that he is "actually innocent" of conspiracy or that separate consecutive sentences were illegal, the case law does not support his argument.

debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). Scott does not satisfy this standard. Denial of a certificate of appealability, however, does not prevent a petitioner from seeking pre-filing authorization for a successive motion under 28 U.S.C. § 2255.

**Conclusion**

For the foregoing reasons, the motion to vacate, set aside or correct sentence will be dismissed without prejudice for lack of jurisdiction and a certificate of appealability will not issue. A separate order follows.


<u>November 13, 2012</u>                                     _____/s/_____
Date                                                                    Catherine C. Blake
                                                                              United States District Judge